**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **LYNN JONES**, | Case No. 3:19-cv-00005-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **GEORGE FOX UNIVERSITY,** a domestic nonprofit corporation, | |
| Defendant. | |

**IMMERGUT, District Judge.**

On February 3, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R), ECF 33. The F&R recommends that this Court grant in part and deny in part Defendant George Fox University's Motion for Partial Summary Judgment, ECF 25. Plaintiff Lynn Jones timely filed objections to the F&R, ECF 35, and Defendant filed a response to those objections, ECF 36. This Court has reviewed de novo the portions of the F&R to which Plaintiff objected. For the following reasons, the Court adopts Judge Russo's F&R in full.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – ORDER

28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff brings this action alleging disability discrimination, retaliation, breach of contract, and breach of the duty of good faith and fair dealing against Defendant George Fox University. ECF 1. Defendant moves for partial summary judgment as to Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing. ECF 25. In the F&R, Judge Russo recommended that partial summary judgment should be granted with respect to Plaintiff's breach of contract claim and denied with respect to her breach of the implied covenant of good faith and fair dealing claim. ECF 33 at 13. Judge Russo found that Defendant's graduate catalog and student life policies, which Plaintiff relies on for her breach of contract claim, expressly disclaim the non-discrimination and retaliation provision Plaintiff alleges Defendant breached. *Id*. at 8–12.

Plaintiff's objections to Judge Russo's F&R restate her summary judgment argument. *Compare* ECF 29 at 24–26 *with* ECF 35 at 1–4. Specifically, Plaintiff argues that *Vejo v. Portland Pub. Schools*, 204 F. Supp. 3d 1149 (D. Or. 2016), *rev. in part on different grounds*, 737 Fed. App'x 309 (9th Cir. 2018), supports her argument that the catalog disclaimer does not

negate Defendant's commitment to non-discrimination. ECF 35 at 2-4. However, as demonstrated in Judge Russo's F&R, *Vejo* is distinguishable because the disclaimer in that case specified only that the defendant university could make changes to fees, admission, and graduation requirements and regulations, while the disclaimer here specifically communicates Defendant's intention that it not be bound by the graduate catalog. *See* ECF 33 at 9–10.

Having reviewed Plaintiff's objections de novo, this Court agrees with Judge Russo's analysis and adopts the F&R, ECF 33, in full. Defendant's Motion for Partial Summary Judgment, ECF 25, is GRANTED IN PART with respect to Plaintiff's breach of contract claim and DENIED IN PART with respect to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED**.

DATED this 14th day of April, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge