IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYNN JONES,                                                              3:19-cv-0005-JR

                                Plaintiff,
                                                                         ORDER

                v.

GEORGE FOX UNIVERSITY, a domestic
nonprofit corporation,

                                Defendant.

RUSSO, Magistrate Judge:

        Plaintiff, Lynn Jones, brought this action alleging disability discrimination, retaliation,

breach of contract, and breach of the duty of good faith and fair dealing against defendant George

Fox University.  Following dispositive motions, a jury heard the case in October 2021.  Following

a five-day trial, the jury deadlocked, and on October 22, 2021, the Court declared a mistrial.

        After an unsuccessful settlement conference and reassignment of the case to the

undersigned, the parties again tried the case before a jury over four days. The Jury returned a

verdict in favor of plaintiff on her claims for retaliation for complaints of disability discrimination

Page 1 – ORDER

and breach of the duty of good faith and fair dealing.  On April 22, 2022, the jury awarded plaintiff

$381,000 in damages.  Plaintiff now seeks an award of costs and attorney fees.

A.      Costs

Plaintiff seeks $8,314.41 for costs related to docket fees, costs of the clerk, depositions,

trial transcripts, witness fees and milage expenses, and copy fees.  While these fees are generally

recoverable to a prevailing party under 28 U.S.C. §§ 1920 and 1923, defendant objects to the

$455.40 charge for the deposition transcript of Beronica Salazar and the $722.50 charge for partial

transcript of day 3 of the October 2021 trial.

Salazar was not called as a witness at either trial, nor does it appear her deposition transcript

was used for any dispositive motions or introduced at trial.  Accordingly, this cost is not taxable.

Plaintiff seeks costs related to ordering the partial transcript of day 3 of the first trial for a

settlement conference.  However, plaintiff later paid for the full transcript and essentially seeks to

tax the cost for the transcript twice.  Accordingly, the Court declines to tax the $722.50 charge for

the partial transcript.  As such, plaintiff's cost bill is granted in the amount of $7,136.51

B.      Attorney's Fees and Non-Taxable Costs

Plaintiff seeks an attorney's fee award of $506,557.50 and non-taxable costs in the amount

of $22,517.49.  Defendant raises a variety of objections.

By prevailing on her disability retaliation claim, the Court has discretion to award plaintiff

a reasonable attorney's fee as part of the costs. 29 U.S.C. § 794a(b).

Plaintiff, as the party seeking fees, has the burden of showing that time spent by her

attorneys was reasonably necessary.  Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992);

Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989).  In order

to support a finding of reasonableness, plaintiff must document the hours spent on the litigation

Page 2 – ORDER

and provide evidence supporting those hours.  Gates, 987 F.2d at 1397.  Defendant, as the party

opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and

reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted

affidavits."  Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each

specific objection.  Id. at 1400.  Rather, all that is required is a "concise but clear" explanation of

reasons for the fee award.

Calculating a reasonable attorney's fee involves a two-pronged approach.  A court must

first calculate a lodestar figure by multiplying the number of hours reasonably expended on the

litigation times a reasonable hourly rate.  Blum v. Stenson, 465 U.S. 886, 888 (1984).  This lodestar

figure is presumed to represent an appropriate fee.  Under certain circumstances, however, a court

may adjust the award upward or downward to account for the Kerr factors not subsumed within

the initial lodestar calculation.  Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th

Cir. 1988).[1]

---

[1]The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the
questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion
of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6)
whether the fee is fixed or contingent; (7) time limitations imposed by the client or
circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,
and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
professional relationship with the client; and (12) awards in similar cases.  Kerr v. Screen Guild
Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975).  Among the many subsumed factors in the lodestar
calculation are the novelty and complexity of the issues involved, the special skill and experience
of counsel, and the results obtained.  Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464
(9th Cir. 1988).

Page 3 – ORDER

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation.  Blum, 465 U.S. at 897.  Blum instructs courts to look at the prevailing market rates in the relevant market.  Id. at 895, n. 11.

The fee claimant must demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Defendant asserts the Court should not award fees related to: (1) the first trial;[1] (2) the unsuccessful discrimination claim; and (3) the breach of contract and good faith and fair dealing claims.  Defendant also objects to the hourly rate of $325/hour sought by attorney Melissa Hopkins and any award for work performed by assistant Erin Kabusreiter-Jones.  Defendant further objects to $170 sought for discussing the case with the media.  In addition, defendant objects to expert witness fees and fees for online legal research.

    1.      Hours Reasonably Expended

        a.      First Trial

In objecting to these fees, defendant relies on Judge Michael Mosman's statement in Powell v. Adlerhorst Int'l, Inc., 2017 WL 1371269, at *3 (D. Or. Apr. 12, 2017) regarding whether a prevailing defendant should recover costs under Fed. R. Civ. P. 54 related to a first trial that did not resolve all issues:

> Mr. Powell asserts that Adlerhorst should not be able to recover costs related to the first trial because Adlerhorst did not "prevail" in the first trial. I disagree. **In the abstract, I might hesitate to award costs relating to a first trial to a party who prevailed in a second trial following a mistrial the first time.** But our case does not involve a complete mistrial. After the first trial, the jury concluded that Adlerhorst was not strictly liable for Azi's attack on Mr. Powell. Even though the jury's finding on negligence necessitated a second trial, the strict liability finding

---

[1] Plaintiff seeks $17,510 for 41.2 hours of work performed by attorney Holly Lloyd, and $21,500 for 42.5 hours of work by attorney Judy Snyder related to the first trial.

stuck and prevented Mr. Powell from advancing that theory at the second trial. When viewed in this context, the result in the first trial had a preclusive effect on the proceedings for the remainder of the case that was beneficial to Adlerhorst. Thus, Adlerhorst was the prevailing party at the first trial and is presumably entitled to costs associated with that trial.

Id. (Emphasis added).

Judge Mosman did not address whether a prevailing plaintiff can recover fees related to a first mistrial under a fee shifting statute. Moreover, Judge Mosman did not find that costs associated with a first mistrial are necessarily precluded either. Generally, a party may receive fees for a retrial so long as the mistake that made the retrial necessary is not attributable to unreasonable conduct by that party. Masimo Corp. v. Tyco Health Care Grp., L.P., 2007 WL 5279897, at *3 (C.D. Cal. Nov. 5, 2007). There is nothing to suggest either party was responsible for the hung jury other than each side provided an excellent presentation of their case and the jury was simply unable to reach a conclusion as to which party should prevail. Accordingly, the Court declines to reduce the fee award for time spent on the first trial.

b.      Unsuccessful Claim and Claims not Subject to Fee Shifting

Plaintiff's breach of contract claim was dismissed upon summary judgment and plaintiff does not seek fees related to that claim. However, plaintiff does seek fees related to her discrimination claim upon which she did not prevail, and her successful breach of the covenant of good faith and fair dealing claim which is not subject to any fee shifting provision. Defendant asserts the award should exclude any fees related to the breach claim and should be reduced for limited success otherwise.

Under Hensley, the Court conducts a two-part analysis for determining a reasonable fee in light of partial success:

First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award

Page 5 – ORDER

may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir.1986) (quoting Hensley, 461 U.S. at 435). All claims shared a common core of facts and arose out of the same course of conduct. In addition, plaintiff obtained significant relief. Plaintiff sought the same damages for each claim: $89,053 for tuition debt, $325,657.03 for loss of earning capacity, and $600,000 for emotional distress. See Amended Joint Pretrial Order (ECF 130) at pp. 19, 21, 25. Plaintiff obtained a jury verdict of $156,000 for economic damages and $200,000 for non-economic damages. While the amount of the judgment was well-below the amount requested, the results were nonetheless excellent. Accordingly, the Court declines to adjust the fee award downward based on the results obtained.

                    c.      Media

Defendant objects to .4 hours billed at $425/hour by attorney Holly Lloyd for emails with client regarding Oregonian reporter. (ECF 145-1) at p. 2. This time was not reasonably necessary to the case and will be excluded from the fee award. Accordingly, the Court excludes $170.

            2.      Reasonable Hourly Rates

                    a.      Melissa Hopkins

Defendant objects to the $325 hourly rate sought by attorney Melissa Hopkins for the 65.9 hours of work she performed in this case. While plaintiff's counsel asserts clients are routinely billed $325/hour for Ms. Hopkins' services despite her admission to the bar in 2019, the Oregon State Bar Economic Survey for 2017 indicates attorneys in Portland with three or fewer years of

Page 6 – ORDER

experience, charge \$207/hour at the 25th percentile to \$305/hour at the 95th percentile.  2017

Oregon State Bar Economic Survey.  Plaintiff indicates Ms. Hopkins prior experience includes an

extensive background performing federal and state investigations, representing state agencies at

administrative hearings, and serving as an informant to the FBI white collar crimes unit.  The

record does not demonstrate a justification of billing above the 95th percentile but given that clients

actually have paid \$325 per hour for services, the Court finds that \$305/hour is reasonable.

Accordingly, the Court will adjust the fee award to reflect this reduction in hourly rates by

subtracting \$1318 from the requested fee award.

### b.      Erin Kabusreiter-Jones

Plaintiff asserts Erin Kabusreiter-Jones is a paralegal and that her work consisted of

preparing the video deposition excerpts and presenting the trial exhibits and video depositions at

trial.  Plaintiff further notes Ms. Kabusreiter-Jones' regular duties for the firm include, but are not

limited to, courtroom technology support.  Defendant objects to the paralegal hourly rate of \$150

charged for Ms. Kabusreiter-Jones' work.  Defendant asks the Court to deny any compensation for

her work as it should have been taxed as costs and not paralegal work.  Ms. Kabusreiter-Jones'

work qualifies as that of a legal assistant and a rate of \$150/hour is not unreasonable.  See Di

Giovanni v. Alu, Inc., 2010 WL 3361036, at *5 (D. Or. July 28, 2010), report and recommendation

adopted, 2010 WL 3386512 (D. Or. Aug. 25, 2010) (legal assistant's time may reasonably be

compensated at an hourly rate of \$150).  Accordingly, the Court declines to adjust the fee award

for Erin Kabusreiter-Jones's work.

3.      Non-Taxable Costs

a.      Expert Witness Fees

Defendant asserts 29 U.S.C.§ 794a does not explicitly allow for recovery of expert

fees.

The Ninth Circuit has not addressed whether expert fees are recoverable under the

Rehabilitation Act.  However, amendments to the Act indicate that remedies, procedures, and

rights set forth in Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) shall be

available to any person aggrieved under section 794.  29 U.S.C. § 794a(a)(2).  The enforcement

provisions of the Civil Rights Act provide that in an action under it, the court, in its discretion,

may allow the prevailing party reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C. § 2000e-5(k).  The work performed by plaintiff's experts were reasonably necessary

and the Court will award such fees as part of the fee award in this case.

b.      Online Research

Defendant objects to costs associated with online research again asserting the statute does

not authorize an award of such costs.  Regardless of whether the authorizing statute permits online

research expenses as a taxable cost, such research is a component of attorney fees rather than costs.

Frederick v. City of Portland, 162 F.R.D. 139, 144 (D. Or. 1995) (recognizing the "modern

jurisprudential trend which treats computerized legal research fees as a component of attorney's

fees rather than costs under § 1920"); InvesSys, Inc. v. McGraw-Hill Companies, Ltd., 369 F.3d

16, 22 (1st Cir. 2004) (computer-assisted research should be reimbursed under attorney's fee

statutes, so long as the research cost is in fact paid by the firm to a third-party provider and is

customarily charged by the firm to its clients as a separate disbursement).  The Court will award

costs associated with online research as part of the fee award.

Page 8 – ORDER

<u>CONCLUSION</u>

Plaintiff's bill of costs (ECF 142) is granted in the amount of $7,136.51.  Plaintiff's motion for attorney's fees (ECF 144) is granted in the amount of $505,750.74 for attorneys' fees (which includes online research of $681.24) and $21,836.25 for expert fees.

DATED this 9th day of September, 2022.

         /s/ Jolie A. Russo
         Jolie A. Russo
       United States Magistrate Judge